UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GOURMET BOUTIQUE, LLC,

                     Plaintiff,

       -against-

GLOBAL EXPRESS, INC.,

                     Defendant.

-------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
CV 11-2769 (DRH) (GRB)

**GARY R. BROWN, United States Magistrate Judge:**

      Plaintiff Gourmet Boutique, LLC ("Gourmet") commenced this action pursuant to the

Carmack Amendment, 49 U.S.C. §14706, to recover damages caused by defendant Global

Express, Inc. ("Global") relating to the interstate transportation of goods.  The matter has been

referred to the undersigned by District Judge Hurley for a report and recommendation with

respect to damages to be awarded upon the default of the defendant.  *See* eOrder of 11/30/11.

The undersigned recommends that the plaintiff be awarded $71,707.39 in damages and $453.25

in costs, as well as prejudgment and post judgment interest.

## BACKGROUND AND FACTS

      As a result of defendant's default, the facts in the complaint are deemed admitted.

Gourmet operates a food items wholesale distribution business.  *See* Compl. ¶15, Docket Entry

("DE") [1].  It maintains a plant in Jamaica, New York, and a distribution warehouse in Phoenix,

Arizona.  *Id.* ¶16.  Gourmet contracts with commercial motor carriers to transport frozen food

items from its New York plant to the Arizona warehouse.  *Id.* ¶18.  Pursuant to United States

Food and Drug Administration regulations and federal law, frozen food items must be kept

frozen throughout the transportation, and if they are not kept frozen, they must be declared unsalvageable and destroyed.  *Id.* ¶¶19-21, 23.

In June 2009, Gourmet entered into agreements with Target and Safeway to provide various frozen items with the actual values of $8,041.00 and $39,303.84, respectively.  Compl. ¶¶24-27.  Gourmet also scheduled transfer of additional stock from its New York operation to its Arizona warehouse to be shipped on or about July 2, 2009.  *Id.* ¶28.  This stock had an actual value of $24,017.34.  *Id.*  On or about July 3, 2009, Gourmet contracted with defendant Global for the transportation of these frozen food items from New York to Arizona.  Compl. ¶31.  Global executed a Bill of Lading requiring that the food be kept frozen throughout the trip, and Gourmet delivered the food items "in frozen and good condition."  *Id.* ¶¶33-34.  The frozen food items were placed inside Global's carrier, along with a  brand new PakSense Monitoring device, which records temperatures inside the cargo area every 5 minutes.  *Id.* ¶¶36-37.  The trailer's cargo door was shut and sealed by Global, and Global "was in exclusive control of the maintenance and operation of the motor carrier throughout the duration of its interstate travel from New York to Arizona."  *Id.* ¶¶38-39.

Upon arrival of the trailer in Arizona, Gourmet removed the PakSense device, reviewed the temperature information for the trip, and learned that for nearly 50 hours from early on July 4, 2009 through early on July 6, 2009, the temperature exceeded the federal mandate.  *Id.* ¶¶ 40-44.  Gourmet manually tested the food items and found that they were "in damaged or otherwise unfrozen condition.  *Id.* ¶¶45-47.  The entire shipment was unsalvageable and had to be destroyed.  *Id.* ¶¶48-49.  Plaintiff sustained the loss of $71,362.18,  the value of the shipment, as well as $345.21 in costs for destroying the shipment.  *Id.*

2

The plaintiff filed its complaint on June 8, 2011 to recover the amount of the actual damages for the food items in the amount of $71,362.18, actual costs of $345.21 for the disposal of the destroyed food items, prejudgment interest from the date of delivery to present, and costs and disbursements, including attorneys' fees.  The defendant failed to answer, and the plaintiff moved for entry of default on October 19, 2011.  DE [5].  The default was noted on October 20, 2011, *see* DE [8], Gourmet moved for a default judgment, DE [9], and Judge Hurley directed Global to serve opposition papers. eOrder of 11/10/2011.   Global failed to submit opposition, and Judge Hurley entered a default judgment against it and referred the matter to the undersigned to issue a Report and Recommendation on damages and attorneys' fees.  eOrder of 11/30/11.

By Order dated January 25, 2012, the undersigned afforded plaintiff the opportunity to submit additional evidence in support of its claims, and further invited defendant to submit opposition.  *See* Order, DE [13].  Although plaintiff filed additional materials, *see* DEs [14] & [15], defendant has not submitted any papers in opposition to the amounts sought.

**DISCUSSION**

**A.  Damages**

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992).  To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded."  *Id*. at 159.  A default "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged."  *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  An

3

evidentiary hearing is not required provided there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp*., 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Here, the documentary evidence submitted by the plaintiff supports the damages sought. *See Action S.A. v. Marc Rich & Co*., 951 F.2d 504, 508 (2d Cir. 1991).

Under the Carmack Amendment, an injured party is entitled to recover "the actual loss or injury to the property caused by [a carrier]." 49 U.S.C. §14706(a)(1). Generally, actual loss is measured as by fair market value of the damaged goods at destination. *See Jessica Howard Ltd. v. Norfolk Southern R.R. Co.,* 316 F.3d 165, 168 (2d Cir. 2003). In support of its claims, plaintiff has submitted affidavits from its Chief Operating Officer Robert Liberto and its Financial Officer Denise M. Baxter-Tolan, accompanied by invoices for $71,362.18 worth of product. *See* DE [14], [15]. I find that plaintiff has established its entitlement to recover the value of the shipment as its actual loss and recommend an award in the amount of $71,362.18.

In addition to the value of the cargo, plaintiff seeks to recover $345.21 for the destruction of the unsalvageable food. "[A] party may recover incidental damages if "[those damages] were foreseeable and within the contemplation of the parties at the time the contract was made. . . This is the common law rule of *Hadley v. Baxendale,* 9 Ex. 341, 156 Eng. Rep. 145 (1845), and it has been rigorously applied by American courts in Carmack Amendment cases." *American Pac. Enters., LLC v. Celadon Trucking Servs.,* 2006 WL 2289833, at *3 (S.D.N.Y. Aug. 9, 2006) (quoting *Project Hope v. M/V Ibn Sina,* 2001 WL 1875854, at *2 (S.D.N.Y. Jul. 17, 2001) (internal quotations and citations omitted)) (alteration in original). The cost of salvage "is a foreseeable cost within the contemplation of sophisticated actors" in the shipping industry. *Am. Pac. Enters.,* 2006 WL 2289833, at *3. As defendant was in the business of shipping frozen food items and thus acquainted with the federal regulations governing such shipments, it is

4

clearly foreseeable that Gourmet would have to destroy foods not kept at the proper temperature and would have to bear the cost of the disposal.  As plaintiff's salvage costs were foreseeable and it has provided adequate documentation of those costs, it is recommended that plaintiff's damages include salvage costs in the amount of $345.21.

Finally, plaintiff seeks to recover  a "Lumbar Fee" of $138 for the off-loading of the damaged items.  Plaintiff has not provided any legal support for recovering this amount.  As such, I find this amount is not recoverable as part of plaintiff's actual loss.

**B. Interest**

Plaintiff further claims entitlement to prejudgment interest from the date of delivery of the damaged goods to present.  An award of prejudgment interest is within the court's discretion. *See generally Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071 (2d Cir. 1995).  I find that an award of prejudgment interest is appropriate in this case.  *See, e.g., Fireman's Fund Ins. Co. v. Never Stop Trucking, Inc.,* 2009 WL 3297780, at *3 (E.D.N.Y. Oct. 13, 2009) (in Carmack Amendment case, finding award of prejudgment interest "necessary to fully compensate [plaintiff] and make them whole"); *Pro Transp. Servs., Inc. v. Anka Trucking, Inc.,* 2009 WL 6066292, at *2 (E.D.N.Y. Sept. 25, 2009) (recommending award of interest to ensure that plaintiff is fully compensated for it loss), *adopted,* 2010 WL 1048805, *1 (E.D.N.Y. Mar. 22, 2010).  I further find that prejudgment interest began to accrue on the date of delivery. The complaint is not clear on the delivery date, but since the last PakSense reading referenced in the complaint was taken on July 6, 2009, *see* Compl. ¶¶42-43, I find that to be the accrual date for the purpose of calculating prejudgment interest.  As to the rate of interest, it is recommended that the rate provided by 28 U.S.C. §1961 be utilized.  *See Fireman's Fund Ins. Co.,* 2009 WL 3297780, at *4; *Pro Transp. Servs.,* 2009 WL 6066292, at *2.

**C. Costs and Attorneys' Fees**

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, plaintiff is entitled to costs other than attorneys' fees. The plaintiff seeks costs in the total amount of $453.25, consisting of this court's $350 filing fee and $103.25 for service of process. As plaintiff is entitled to recover these costs and has provided adequate documentation in support of its request, I recommend an award of costs in the total amount of $453.25.

Gourmet seeks attorneys' fees in the complaint, but has neither pressed its entitlement to recover such fees in its submissions, nor provided any of the documentation necessary to support such an award. Moreover, the Carmack Amendment "does not expressly provide for attorneys' fees." *Fireman's Fund,* 2009 WL 3297780, at *3. Accordingly, it is recommended that no attorneys' fees be awarded.

### CONCLUSION AND OBJECTIONS

For the reasons set forth above, it is recommended that plaintiff be awarded $71,707.39 in damages, $453.25 in costs, plus prejudgment interest from July 6, 2009 through entry of judgment, and post judgment interest. A copy of this Report and Recommendation is being sent to counsel for the plaintiff by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, 2008 WL 4951035, at *2 (2d Cir. Nov. 30, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
        April 18, 2012

/s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge

6